Filed 9/29/16  P. v. Washington CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TROY WASHINGTON,<br><br>    Defendant and Appellant. | B271719<br><br>(Los Angeles County<br>Super. Ct. No. BA329354) |

APPEAL from an order of the Superior Court for the County of Los Angeles. Katherine Mader, Judge.  Affirmed.

Elizabeth K. Horowitz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

This is an appeal from an order denying defendant Troy Washington's motion for modification of his sentence under Penal Code section 1170.18 (Proposition 47). (All statutory references are to the Penal Code unless otherwise specified.)

An information filed on November 26, 2007, charged defendant with second degree robbery. The information also alleged one prior serious or violent felony conviction (case No. PA015697 in 1994, for battery with serious bodily injury) under section 1170.12, subdivisions (a) through (d) and section 667, subdivisions (b) through (i); a prior serious felony conviction (the same 1994 conviction) under section 667, subdivision (a)(1); and five prison priors under section 667.5, subdivision (b). The five prison priors included a 2002 conviction (case No. BA224892) for a felony violation of Health and Safety Code section 11350, subdivision (a) (possession of a controlled substance).

A jury convicted defendant of the robbery. He admitted the allegations that he suffered the prior 1994 conviction in case No. PA015697, and the court found those allegations true.

On April 23, 2008, the court sentenced defendant to 11 years in state prison: the middle term of three years for the robbery, doubled for the prior serious and/or violent felony (case No. PA015697) under sections 1170.12, subdivisions (a) through (d) and 667, subdivisions (b) through (i), plus a consecutive five-year enhancement for the prior serious felony (case No. PA015697) under section 667, subdivision (a)(1).

Effective November 5, 2014, the voters passed Proposition 47, making certain drug and theft offenses misdemeanors instead of felonies, including specified violations of Health and Safety Code section 11350. Proposition 47 also allows a person who has completed his or her sentence for a felony that would have been a misdemeanor under Proposition 47 to file an application to have the felony conviction designated as a misdemeanor. (§ 1170.18, subd. (f).)

On August 11, 2015, defendant filed a motion under Proposition 47 to redesignate his 2002 felony conviction for unlawful drug possession as a misdemeanor. On

September 29, 2015, the trial court found defendant's application satisfied the relevant criteria, and designated the 2002 felony drug possession offense as a misdemeanor.

Then, on February 22, 2016, defendant filed a "motion for modification of sentence," identifying both this case (the robbery) and the 2002 case (the drug possession). Defendant characterized his motion as a motion "to complete modification order already granted pursuant to Prop. 47." Defendant asked the court to resentence him "to modify the current term also under BA329354 [(this case)] to strike also the 1 year enhancement that was imposed pursuant to the prior BA224892 conviction that has since been modified to a misdemeanor."[1]

The trial court denied defendant's motion, ruling that "defendant's BA224892 1-year prior [(the 2002 drug possession)] was not included in his sentencing in this case (BA329354-01)."

Defendant filed a timely appeal.

Defendant's appointed counsel filed a *Wende* brief (*People v. Wende* (1979) 25 Cal.3d 436) requesting our independent review of the record. A declaration from counsel stated that she had written to defendant explaining her evaluation of the record and her intent to file a *Wende* brief, and informed him of his right to file a supplemental brief and to relieve her as counsel. Counsel also sent defendant the transcript of the record on appeal and a copy of her *Wende* brief. No supplemental brief has been filed.

We have reviewed the record on appeal. The record shows no error by the trial court. The April 23, 2008 minute order for defendant's sentencing hearing shows that the

---

[1]    Defendant also asked the trial court "to amend movant[']s abstract of judgment under Case No# BA224892 [(the 2002 drug possession case)] to reflect that the 1 year enhancement imposed in Case No# BA224892 has been stricken on the ground that a 1 year enhancement cannot as a matter of law be imposed for a misdemeanor conviction." While the meaning of defendant's request is unclear, the trial court's September 29, 2015 minute order demonstrates that defendant's felony conviction in case No. BA224892 has been designated a misdemeanor conviction, and the law provides that is so "for all purposes" except specified laws relating to firearms. (§ 1170.18, subd. (k).) No more is necessary.

only enhancements imposed were in connection with defendant's prior conviction in 1994 for battery with serious bodily injury (case No. PA015697).

In short, we are satisfied that defendant's appointed counsel has fully complied with her responsibilities and that no arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *People v. Wende, supra,* 25 Cal.3d at p. 441.)

## DISPOSITION

The trial court's order is affirmed.


GRIMES, J.

WE CONCUR:


RUBIN, Acting, P. J.


FLIER, J.